

ORDERED in the Southern District of Florida on June 6, 2017.

John K. Olson, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

IN RE:                                           CASE NO.  16-25635-JKO
                                                 CHAPTER 13
Erold Fucien
_____/

**AGREED ORDER ON MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN OF CARRINGTOM MORTGAGE**

THIS CASE came to be heard on June 5, 2017 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 38; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of the debtor's real property (the "Real Property") located at

1 NE 70th Street Miami, FL 33138, and more particularly described as:

>   Lot 25 less the following portion thereof, Begin at the NW corner of lot 25 in Block 2, of "Dupont Addition'' according to the plat thereof, recorded in Plat book 13 at Page 56 of the Public Records of Miami-Dade County, Florida; thence run South along the West line of said Lot for a distance of 16.94 feet to the point of curvature of a circular curve concave to the SE; thence run Northeasterly along the arc of said circular curve having a radius of 1469.75 feet through a central angle of 0 degrees 39 minutes and 37 seconds for an arc distance of 16.94 feet to the point of intersection with the North line of said lot 25; thence run west along the North line of said lot 25, for a distance of 0.07 feet to the point of beginning, and lot 26, in block 2 of "Dupont Addition" according to the plat thereof, as recorded in Plat Book 13, at page 56, of the Public Records of Miami-Dade County, Florida.

is $112,500.00 at the time of the filing of this case.

B.  The total of all claims secured by liens on the Real Property to the lien holder Carrington mortgage is $112,500.00.

C.  The equity remaining in the Real Property after payment of all claims secured by lien holder Carrington Mortgage is $0.00 and Carrington Mortgage has a secured interest in the Real Property in such amount.

Consequently, it is ORDERED as follows:

1.  The Motion is GRANTED to the extent that Carrington Mortgage may not seek to collect the underlying debt from the Debtor during the pendency of this bankruptcy case, or following discharge of this bankruptcy case.

2.  The Motion to Value is DENIED to the extent that the Carrington Mortgage's right to collect the underlying debt shall remain fully preserved with respect to the joint and several liabilities of subsequent owner(s) of the Real Property, as established pursuant to F.S. 720.3085.

3. For the limited purpose of Debtor's term of ownership of the subject property, Carrington Mortgage has an allowed secured claim of $112,500.00.

4. Prior to Discharge, the Real Property may not be sold or refinanced without proper notice and further order of the Court.

5. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in the chapter 13 case.

###

Submitted by:

First Legal PA
Simona Burshteyn, Esquire
2450 Hollywood Blvd Ste 305
Hollywood, FL 33020
(954) 998-1488

Simona Burshteyn is directed to serve copies of this order on all interested parties and file a certificate of service.